JUDGE SWAIN

JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our File : 08-W-001-JK and 08-W-002-JK

08 CV 4054

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

RECEIVED APR 30 2008 U.S.D.C. S.D.N.Y. ECF CASHIERS

MCIS ZURICH INSURANCE BEHAD a/s/o MetTube
Sdn. Bhd. and Seegrove International Shippers,

                                  Plaintiff,

     - against -

HANJIN SHIPPING CO., LTD.,

                                 Defendant.
-----------------------------------------------------------------x

08 Civ.        (    )

**COMPLAINT**

        Plaintiff, ZURICH INSURANCE, by its attorneys, Badiak & Will, LLP, alleges on information and belief as follows:

        1.  All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

        2.  At all times material hereto, plaintiff MCIS ZURICH INSURANCE BEHAD, (hereinafter "Zurich"), was and is a corporation organized and existing under and by virtue of the laws of a foreign state and provided all-risk ocean marine cargo insurance for the subject shipments hereinafter described, and maintained an office and place of business c/o W K Webster (Overseas) Ltd., 80 Maiden Lane, New York, New York, 10038.

3. Plaintiff, Zurich, has paid the consignee and owner of the shipments mentioned hereinafter pursuant to the marine cargo insurance policies herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipments.

4. Defendant HANJIN SHIPPING COMPANY, LTD., (hereinafter "Hanjin"), is a corporation or other business entity organized and existing under and by virtue of the law of a foreign state, with an office and place of business c/o Hanjin Shipping, Inc., 80 East Route 4, Suite 490, Paramus, New Jersey 07652, and at all material times was and now is engaged in business as a common carrier of merchandise by water for hire and owned, chartered, managed and/or otherwise controlled the M.V. HANJIN AMSTERDAM and the M.V. PORTLAND SENATOR as general vessels engaged in the common carriage of merchandise by water for hire between, among others, the ports of Port Kelang, Malaysia, and Laredo Texas, via Long Beach.

5. Under the terms and conditions of Hanjin's bill of lading contracts, Hanjin stipulates that actions under U.S. COGSA are to be brought in New York, New York.

### FIRST CAUSE OF ACTION

6. On or about December 31, 2006, at Port Kelang, Malaysia, the port of loading, there was shipped by MetTube Sdn. Bhd., as shipper, and delivered to Hanjin and the M.V. HANJIN AMSTERDAM, as common carriers, a shipment consisting of 294 coils of copper tube,

in three (3) forty foot (40') containers, then being in good order and condition, and the defendant Hanjin and the aforementioned vessel then and there accepted the said shipment so shipped and delivered to them, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Laredo, Texas, via Long Beach, California, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Seegrove International Shippers, the consignee, all in accordance with a bill of lading issued by Hanjin and the aforementioned vessel numbered HJSCPKLA03375603 and dated on or about December 31, 2006.

7. Thereafter the said vessel arrived at the port of destination, where the defendant Hanjin made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but, on the contrary, with shortages, pilferage, damaged and impaired in value, all in violation of the defendant Hanjin's obligations and duties as a common carrier of merchandise by water for hire.

8. By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $52,925.76.

## SECOND CAUSE OF ACTION

9. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1." through "8.", inclusive, as if set forth herein at length.

10. On or about January 9, 2007, at Port Kelang, Malaysia, the port of loading, there was shipped by MetTube Sdn. Bhd., as shipper, and delivered to Hanjin and the M.V.

PORTLAND SENATOR, as common carriers, a shipment consisting of 290 coils of copper tube, in three (3) forty foot (40') containers, then being in good order and condition, and the defendant Hanjin and the aforementioned vessel then and there accepted the said shipment so shipped and delivered to them, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Laredo, Texas, via Long Beach, California, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Seegrove International Shippers, the consignee, all in accordance with a bill of lading issued by Hanjin and the aforementioned vessel numbered HJSCPKLA03375206 and dated on or about January 9, 2007.

11. Thereafter the said vessel arrived at the port of destination, where the defendant Hanjin made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but, on the contrary, with shortages, pilferage, damaged and impaired in value, all in violation of the defendant Hanjin's obligations and duties as a common carrier of merchandise by water for hire.

12. By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $19,683.38.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all their property within this District be attached in the sum of $72,609.14, with interest thereon and costs, the sum sued for in this complaint;

3. That judgment may be entered in favor of plaintiff MCIS ZURICH INSURANCE BEHAD, and against defendant, HANJIN SHIPPING CO., LTD., on both causes of action for the total amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: Mineola, New York
April 29, 2008

                                        BADIAK & WILL, LLP
                                        Attorneys for Plaintiff

                                        By: _____
                                               JAMES P. KRAUZLIS  (JK  4972)