9147/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCIS ZURICH INSURANCE BEHAD a/s/o MetTube Sdn. Bhd. and Seegrove International Shippers,<br><br>Plaintiff,<br><br>- against -<br><br>HANJIN SHIPPING CO. LTD.<br><br>Defendant. | 08 Civ. 4054 (LTS)<br><br>**ANSWER** |

Defendant Hanjin Shipping Co. Ltd. ("Hanjin"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answering plaintiff's complaint alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Admits that Hanjin is a corporation organized and existing under and by virtue of the law of a foreign nation with an office and place of business in New Jersey where alleged, that Hanjin is engaged in business as a common carrier of merchandise by

water for hire, that Hanjin chartered the vessels M/V HANJIN AMSTERDAM and M/V PORTLAND SENATOR, that the vessels were engaged in the carriage of containers by sea for hire between the alleged ports, but except as so specifically admitted, denies the allegations of paragraph 4.

5. Denies the allegations of paragraph 5.

6. Admits that on or about December 31, 2006 at Port Klang there was delivered to the vessel three sealed 40' containers said to contain copper tubes, and that the containers were transported to Laredo, Texas via Long Beach on a CY/CY basis pursuant to Hanjin bill of lading HJSCPKLA03375603 for freight paid or to be paid, but except as so specifically admitted, denies the allegations of paragraph 6.

7. Admits that delivery of the containers was made, but except as so specifically admitted, denies the allegations of paragraph 7.

8. Denies the allegations of paragraph 8.

9. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

10. Admits that on or about January 6, 2007 at Port Klang there was delivered to the vessel three sealed 40 containers said to contain copper tubes, and that the containers were transported to Laredo, Texas via Long Beach on a CY/CY basis pursuant to Hanjin bill of lading HJSCPKLA03375206 for freight paid or to be paid, but except as so specifically admitted, denies the allegations of paragraph 10.

11. Admits that delivery of the containers was made, but except as so specifically admitted, denies the allegations of paragraph 11.

2

12. Denies the allegations of paragraph 12.

**AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, HANJIN ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS**

13. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

**FIRST AFFIRMATIVE DEFENSE**

14. The above shipments were subject to all the terms, conditions and exceptions contained in certain bills of lading issued therefor for which the shippers, owners, consignees or holders of said bills of lading agreed to be bound and are bound.

**SECOND AFFIRMATIVE DEFENSE**

15. Any loss and/or damage to the above shipments was due to causes for which Hanjin is not liable or responsible by virtue of the provisions the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law.

**THIRD AFFIRMATIVE DEFENSE**

16. Plaintiff failed to mitigate its damages.

**FOURTH AFFIRMATIVE DEFENSE**

17. Any damage to and/or loss of the above shipments was caused by or due to the acts, omissions, fault or neglect of the owners of the shipments, the shippers or receivers and their agents or the nature of the shipments, including insufficiency of packing, inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which Hanjin is neither responsible nor liable.

### FIFTH AFFIRMATIVE DEFENSE

18. Hanjin's liability, if any, is limited to $500 per package or, for goods not shipped in packages, $500 per customary freight unit.

### SIXTH AFFIRMATIVE DEFENSE

19. This Court is an improper forum pursuant to the forum selection clause in Hanjin's bill of lading.

### SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are time barred.

WHEREFORE, Hanjin prays for:

    (a) An order dismissing plaintiff's complaint;

    (b) An award of all costs including attorneys' fees; and

    (c) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 16, 2008

                      Respectfully submitted,

                      CICHANOWICZ, CALLAN, KEANE,
                      VENGROW & TEXTOR, LLP
                      Attorneys for Defendant

                      By: s/ Randolph H. Donatelli
                           Randolph H. Donatelli (RHD-5359)
                      61 Broadway, Suite 3000
                      New York, New York 10006-2802
                      (212) 344-7042

To:   Badiak & Will, LLP
      106 Third Street
      Mineola, New York 11501
      (516) 877-2225

**CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On May 16, 2008, I served a complete copy of Defendant Hanjin Shipping Co. Ltd.'s Answer, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:  Badiak & Will, LLP
     106 Third Street
     Mineola, New York 11501
     (516) 877-2225

*[signature]*
Jennifer Scianna

DATED:   May 16, 2008
         New York, New York