9147/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042

Attorneys for Defendant and Third-Party Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCIS ZURICH INSURANCE BEHAD a/s/o MetTube Sdn. Bhd. and Seegrove International Shippers,<br><br>                                             Plaintiff,<br><br>- against -<br><br>HANJIN SHIPPING CO. LTD.<br><br>                                             Defendant,<br><br>- and -<br><br>HANJIN SHIPPING CO. LTD.<br><br>         Defendant and Third-Party Plaintiff,<br><br>- against -<br><br>UNION PACIFIC RAILROAD COMPANY<br><br>                              Third-Party Defendant. | 08 Civ. 4054 (LTS)<br><br>**THIRD-PARTY COMPLAINT**<br><br>RECEIVED<br>JUN 17 2008<br>U.S.D.C. S.D. N.Y.<br>CASHIERS |

Defendant and third-party plaintiff Hanjin Shipping Co. Ltd. ("Hanjin") by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, for its third-party complaint against Union Pacific Railroad Company ("UP"), alleges upon information and belief as follows:

1. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333. In the alternative, there is

subject matter jurisdiction under 28 U.S.C.§1367 and/or 28 U.S.C.§1332 and/or 28 U.S.C.§1337.

2. This third-party action is brought pursuant to Rule 14(a) and Rule 14(c) of the Federal Rules of Civil Procedure.

3. Attached hereto as Exhibit A is a copy of plaintiff's complaint.

4. Attached hereto as Exhibit B is a copy of Hanjin's answer.

5. UP was at all times relevant hereto a corporation or other legal entity organized and existing under the laws of one of the United States with its principal place of business in Omaha, Nebraska and is subject to the jurisdiction of this Court.

6. Plaintiff's complaint alleges physical damage to cargos of copper tubing transported in two shipping containers by sea from Port Klang to Long Beach, California and then overland to Laredo, Texas.

7. Hanjin issued bills of lading for the carriage and sub-contracted with UP for UP to transport the containers by rail from Long Beach, California to Laredo, Texas.

8. Plaintiff alleges that the physical damage to the cargo occurred during UP's rail carriage of the containers.

9. If the shipments were damaged as alleged in plaintiff's complaint, then such damage was caused in whole or in part by the acts, omissions, fault, negligence, breach of contract, and/or breach of warranty, express or implied, of UP and/or its servants and/or agents.

10. Therefore, if plaintiff recovers from Hanjin, whether by settlement or judgment, then Hanjin is entitled to contribution and/or indemnity from UP together with all costs including attorneys' fees.

2

WHEREFORE, Hanjin prays for the following:

(a) That process in due form of law according to the rules and practices of this Court may issue against UP requiring UP to appear and answer this third-party complaint;

(b) That UP be adjudged directly liable to the plaintiff herein for any damages suffered and that it be further required to appear and answer plaintiff's complaint as provided for by Rule 14(c) of the Federal Rules of Civil Procedure;

(c) That Hanjin be awarded indemnity/contribution from UP including all costs and attorneys' fees; and

(d) For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 16, 2008

        Respectfully submitted,

        CICHANOWICZ, CALLAN, KEANE,
        VENGROW & TEXTOR, LLP
        Attorneys for Defendant and Third-Party Plaintiff
        Hanjin Shipping Co. Ltd.

        By: _____
            Randolph H. Donatelli (RHD-5359)
        61 Broadway, Suite 3000
        New York, New York 10006-2802
        (212) 344-7042

To: Badiak & Will, LLP
    106 Third Street
    Mineola, New York 11501
    (516) 877-2225

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On June 16, 2008, I served a complete copy of Defendant Hanjin Shipping Co. Ltd.'s Third-Party Complaint, by regular U.S. mail to the following attorneys at their ECF registered address and at the following address:

To:    Badiak & Will, LLP
106 Third Street
Mineola, New York 11501
(516) 877-2225

*Jennifer Scianna*
Jennifer Scianna

DATED:    June 16, 2008
New York, New York

# Exhibit A

JUDGE SWAIN

JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our File : 08-W-001-JK and 08-W-002-JK

08 CV 4054

RECEIVED APR 30 2008 U.S.D.C. S.D.N.Y. ECF CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
MCIS ZURICH INSURANCE BEHAD a/s/o MetTube
Sdn. Bhd. and Seagrove International Shippers,

                     Plaintiff,

- against -

HANJIN SHIPPING CO., LTD.,

                     Defendant.
----------------------------------------x

08 Civ.    (    )

COMPLAINT

      Plaintiff, ZURICH INSURANCE, by its attorneys, Badiak & Will, LLP, alleges on information and belief as follows:

      1.   All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

      2.   At all times material hereto, plaintiff MCIS ZURICH INSURANCE BEHAD, (hereinafter "Zurich"), was and is a corporation organized and existing under and by virtue of the laws of a foreign state and provided all-risk ocean marine cargo insurance for the subject shipments hereinafter described, and maintained an office and place of business c/o W K Webster (Overseas) Ltd., 80 Maiden Lane, New York, New York, 10038.

3. Plaintiff, Zurich, has paid the consignee and owner of the shipments mentioned hereinafter pursuant to the marine cargo insurance policies herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipments.

4. Defendant HANJIN SHIPPING COMPANY, LTD., (hereinafter "Hanjin"), is a corporation or other business entity organized and existing under and by virtue of the law of a foreign state, with an office and place of business c/o Hanjin Shipping Inc., 80 East Route 4, Suite 490, Paramus, New Jersey 07652, and at all material times was and now is engaged in business as a common carrier of merchandise by water for hire and owned, chartered, managed and/or otherwise controlled the M.V. HANJIN AMSTERDAM and the M.V. PORTLAND SENATOR as general vessels engaged in the common carriage of merchandise by water for hire between, among others, the ports of Port Kelang, Malaysia, and Laredo Texas, via Long Beach.

5. Under the terms and conditions of Hanjin's bill of lading contracts, Hanjin stipulates that actions under U.S. COGSA are to be brought in New York, New York.

### FIRST CAUSE OF ACTION

6. On or about December 31, 2006, at Port Kelang, Malaysia, the port of loading, there was shipped by MetTube Sdn. Bhd., as shipper, and delivered to Hanjin and the M.V. HANJIN AMSTERDAM, as common carriers, a shipment consisting of 294 coils of copper tube,

- 2 -

in three (3) forty foot (40') containers, then being in good order and condition, and the defendant Hanjin and the aforementioned vessel then and there accepted the said shipment so shipped and delivered to them, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Laredo, Texas, via Long Beach, California, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Seegrove International Shippers, the consignee, all in accordance with a bill of lading issued by Hanjin and the aforementioned vessel numbered HJSCPKEA03375603 and dated on or about December 31, 2006.

7. Thereafter the said vessel arrived at the port of destination, where the defendant Hanjin made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but, on the contrary, with shortages, pilferage, damaged and impaired in value, all in violation of the defendant Hanjin's obligations and duties as a common carrier of merchandise by water for hire.

8. By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $32,925.76.

## SECOND CAUSE OF ACTION

9. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1." through "8.", inclusive, as if set forth herein at length.

10. On or about January 9, 2007, at Port Kelang, Malaysia, the port of loading, there was shipped by MetTube Sdn. Bhd., as shipper, and delivered to Hanjin and the M.V.

- 3 -

PORTLAND SENATOR, as common carriers, a shipment consisting of 290 coils of copper tube, in three (3) forty foot (40') containers, then being in good order and condition, and the defendant Hanjin and the aforementioned vessel then and there accepted the said shipment so shipped and delivered to them, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Laredo, Texas, via Long Beach, California, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Seagrove International Shippers, the consignee, all in accordance with a bill of lading issued by Hanjin and the aforementioned vessel numbered HDSCPKHA0537620G and dated on or about January 9, 2007.

11. Thereafter the said vessel arrived at the port of destination, where the defendant Hanjin made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but, on the contrary, with shortages, pilferage, damaged and impaired in value, all in violation of the defendant Hanjin's obligations and duties as a common carrier of merchandise by water for hire.

12. By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $19,683.38.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

- 4 -

2. That if defendant cannot be found within this District then all their property within this District be attached in the sum of $872,609.14, with interest thereon and costs, the sum sued for in this complaint;

3. That judgment may be entered in favor of plaintiff MCIS ZURICH INSURANCE BEHAD, and against defendant, HANJIN SHIPPING CO., LTD., on both causes of action for the total amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: Mineola, New York
       April 29, 2008

BADIAK & WILL, LLP
Attorneys for Plaintiff

By: _____
    JAMES P. KRAUZLIS (JK-4972)

- 5 -

# Exhibit B

9147/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCIS ZURICH INSURANCE BEHAD a/s/o MetTube Sdn. Bhd. and Seegrove International Shippers,<br><br>    Plaintiff,<br><br>- against -<br><br>HANJIN SHIPPING CO. LTD.<br><br>    Defendant. | 08 Civ. 4054 (LTS)<br><br>**ANSWER** |

    Defendant Hanjin Shipping Co. Ltd. ("Hanjin"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answering plaintiff's complaint alleges upon information and belief as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

    4.    Admits that Hanjin is a corporation organized and existing under and by virtue of the law of a foreign nation with an office and place of business in New Jersey where alleged, that Hanjin is engaged in business as a common carrier of merchandise by

water for hire, that Hanjin chartered the vessels M/V HANJIN AMSTERDAM and M/V PORTLAND SENATOR, that the vessels were engaged in the carriage of containers by sea for hire between the alleged ports, but except as so specifically admitted, denies the allegations of paragraph 4.

5. Denies the allegations of paragraph 5.

6. Admits that on or about December 31, 2006 at Port Klang there was delivered to the vessel three sealed 40' containers said to contain copper tubes, and that the containers were transported to Laredo, Texas via Long Beach on a CY/CY basis pursuant to Hanjin bill of lading HJSCPKLA03375603 for freight paid or to be paid, but except as so specifically admitted, denies the allegations of paragraph 6.

7. Admits that delivery of the containers was made, but except as so specifically admitted, denies the allegations of paragraph 7.

8. Denies the allegations of paragraph 8.

9. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

10. Admits that on or about January 6, 2007 at Port Klang there was delivered to the vessel three sealed 40 containers said to contain copper tubes, and that the containers were transported to Laredo, Texas via Long Beach on a CY/CY basis pursuant to Hanjin bill of lading HJSCPKLA03375206 for freight paid or to be paid, but except as so specifically admitted, denies the allegations of paragraph 10.

11. Admits that delivery of the containers was made, but except as so specifically admitted, denies the allegations of paragraph 11.

2

12. Denies the allegations of paragraph 12.

## AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, HANJIN ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

13. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

### FIRST AFFIRMATIVE DEFENSE

14. The above shipments were subject to all the terms, conditions and exceptions contained in certain bills of lading issued therefor for which the shippers, owners, consignees or holders of said bills of lading agreed to be bound and are bound.

### SECOND AFFIRMATIVE DEFENSE

15. Any loss and/or damage to the above shipments was due to causes for which Hanjin is not liable or responsible by virtue of the provisions the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law.

### THIRD AFFIRMATIVE DEFENSE

16. Plaintiff failed to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

17. Any damage to and/or loss of the above shipments was caused by or due to the acts, omissions, fault or neglect of the owners of the shipments, the shippers or receivers and their agents or the nature of the shipments, including insufficiency of packing, inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which Hanjin is neither responsible nor liable.

### FIFTH AFFIRMATIVE DEFENSE

18. Hanjin's liability, if any, is limited to $500 per package or, for goods not shipped in packages, $500 per customary freight unit.

### SIXTH AFFIRMATIVE DEFENSE

19. This Court is an improper forum pursuant to the forum selection clause in Hanjin's bill of lading.

### SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are time barred.

WHEREFORE, Hanjin prays for:

    (a) An order dismissing plaintiff's complaint;

    (b) An award of all costs including attorneys' fees; and

    (c) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 16, 2008

                      Respectfully submitted,

                      CICHANOWICZ, CALLAN, KEANE,
                      VENGROW & TEXTOR, LLP
                      Attorneys for Defendant

                      By: s/ Randolph H. Donatelli
                          Randolph H. Donatelli (RHD-5359)
                      61 Broadway, Suite 3000
                      New York, New York 10006-2802
                      (212) 344-7042

To:    Badiak & Will, LLP
        106 Third Street
        Mineola, New York 11501
        (516) 877-2225