Barry N. Gutterman, Esq. (BG6410)
Barry N. Gutterman & Associates, P.C.
Attorneys for Third-Party Defendant
Union Pacific Railroad Company
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MCIS ZURICH INSURANCE,<br><br>                    Plaintiff,<br>v.<br><br>HANJIN SHIPPING CO., LTD.<br><br>                    Defendant and Third-Party Plaintiff<br>v.<br><br>UNION PACIFIC RAILROAD COMPANY<br><br>                    Third-Party Defendant. | **08 Civ. 4054 (LTS)** |

**ANSWER AND AFFIRMATIVE DEFENSES OF THIRD-PARTY DEFENDANT**
**UNION PACIFIC RAILROAD COMPANY**
**TO DEFENDANT AND THIRD-PARTY PLAINTIFF'S COMPLAINT**

Third-Party Defendant, Union Pacific Railroad Company ("UP") by its attorneys, Barry N. Gutterman & Associates, P.C., alleges as follows for its Answer and Affirmative Defenses to the Defendant and Third-Party Plaintiff Hanjin Shipping Co., Ltd.'s ("Hanjin") Third-Party Complaint.

1. UP admits the allegations contained in paragraph 1 of the Third-Party Complaint excepts that UP denies subject matter jurisdiction.

2. UP admits the allegations contained in paragraph 2 of the Third-Party Complaint.

3. UP admits the allegations contained in paragraph 3 of the Third-Party Complaint.

4. UP admits the allegations contained in paragraph 4 of the Third-Party Complaint.

5. UP admits the allegations contained in paragraph 5 of the Third-Party Complaint, but denies the allegation that UP is subject to the jurisdiction of this Court.

6. UP admits the allegations contained in paragraph 6 of the Third-Party Complaint.

7. UP admits the allegations contained in paragraph 7 of the Third-Party Complaint.

8. UP admits the allegations contained in paragraph 8 of the Third-Party Complaint.  Answering further, UP denies that it was responsible for the alleged damage to the cargo, and UP has no knowledge as to where, if any, of the alleged damage took place.

9. UP denies the allegations contained in paragraph 9 of the Third-Party Complaint.

10. UP denies the allegations contained in paragraph 10 of the Third-Party Complaint.

**AS AND FOR A FIRST
AFFIRMATIVE DEFENSE**

11. The Third-Party Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

12. In the event that plaintiff and/or Third-Party Plaintiff had no title or interest in the shipment that is the subject matter of this action, then plaintiff and Third-Party Plaintiff are not the real parties in interest herein and they are not entitled to maintain this suit.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

13. The contract of carriage does not contemplate responsibility for special or consequential damages. To the extent that plaintiff and/or Third-Party Plaintiff seek special and/or consequential damages, UP is not responsible for such amounts.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

14. If the shipment referred to in the Third-Party Complaint suffered any loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third party or a party over whom UP has no control.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

15. UP is not guilty of any negligence which was a proximate cause of any alleged incident, injuries or damages of which plaintiff and/or Third-Party Plaintiff complain.

**AS AND FOR A SIXTH
AFFIRMATIVE DEFENSE**

16. Any accident, damages and injuries alleged to have occurred was solely due to the negligence of plaintiff and/or Third-Party Plaintiff or others acting on their behalf.

**AS AND FOR A SEVENTH
AFFIRMATIVE DEFENSE**

17. The shipment was received for transportation by UP and was accepted in accordance with, and subject to all the terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth therein, and the rules, regulations and practices of UP, which together form the contract of carriage respecting the transportation of said shipment. In addition, UP duly performed all the terms and conditions of said contract of carriage on its part to be performed.

**AS AND FOR AN EIGHTH
AFFIRMATIVE DEFENSE**

18. UP did not load, count or secure the subject shipment, and they cannot be held liable for any damage to the shipment caused by improper loading and/or securement based upon the provisions of applicable law and the Master Intermodal Transportation Agreement.

**AS AND FOR A NINTH
AFFIRMATIVE DEFENSE**

19. To the extent that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss

4

or damage to the shipment in question, neither plaintiff nor Third-Party Plaintiff can recover in excess of this amount.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

20. To the extent that a proper written notice of claim was not timely filed, the within action is time barred.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

21. To the extent that plaintiff and/or Third-Party Plaintiff failed to bring a timely suit, the within action is time barred.

### AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE

22. This court has no subject matter jurisdiction and venue is improper.

### AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

23. There is no privity of contract between plaintiff and UP.

### AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

22. Pursuant to the Exempt Transportation Agreement between Hanjin and UP, claims between Hanjin and UP are subject to mandatory arbitration in New York.

WHEREFORE, Defendant Union Pacific Railroad Company, demands judgment: (1) dismissing the Third-Party Complaint with prejudice, together with costs, disbursements and reasonable counsel fees; and (2) for such other or different relief as to this Court may deem just and proper.

5

Dated: New York, New York
June 30, 2008

                                      By:    /s/ Barry N. Gutterman
                                              Barry N. Gutterman, Esq. (BG6410)
                                              Barry N. Gutterman & Associates, P.C.
                                              60 East 42nd Street, 46th Floor
                                              New York, New York 10165
                                              (212) 983-1466
                                              Attorneys for Third-Party Defendant
                                              Union Pacific Railroad Company


To:    James P. Krauzlis (JK 4972)
         Badiak & Will, LLP
         106 Third Street
         Mineola, New York 11501
         (516) 877-2225

         Attorneys for Plaintiff


         Randolph H. Donatelli (RHD-5359)
         Cichanowicz, Callan, Keane,
         Vengrow & Textor, LLP
         61 Broadway, Suite 3000
         New York, New York 10006-2802

         Attorneys for Defendant and Third-Party Plaintiff
         Hanjin Shipping Co., Ltd.


UP.2821.Add.*TuirdPartyComplaint