Barry N. Gutterman, Esq. (BG6410)
Barry N. Gutterman & Associates, P.C.
Attorneys for Third-Party Defendant
Union Pacific Railroad Company
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MCIS ZURICH INSURANCE BEHAD a/s/o MetTube Sdn. Bhd. and Seegrove International Shippers,<br><br>                    Plaintiff,<br><br>v.<br><br>HANJIN SHIPPING CO., LTD.<br><br>                    Defendant and Third-Party Plaintiff<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY<br><br>                    Third-Party Defendant. | **08 Civ. 4054 (LTS)** |

**ANSWER AND AFFIRMATIVE DEFENSES OF THIRD-PARTY DEFENDANT**
**UNION PACIFIC RAILROAD COMPANY**
**TO DEFENDANT AND THIRD-PARTY PLAINTIFF'S COMPLAINT**

Third-Party Defendant, Union Pacific Railroad Company ("UP") by its attorneys, Barry N. Gutterman & Associates, P.C., alleges as follows for its Answer and Affirmative Defenses to Plaintiff MCIS Zurich Insurance Behad a/s/o MetTube Sdn. Bhd. and Seegrove International Shippers ("Plaintiff") Complaint:

1. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies same and leaves plaintiff to its proof.

2. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies same and leaves plaintiff to its proof.

3. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore denies same and leaves plaintiff to its proof.

4. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint and therefore denies same and leaves plaintiff to its proof.

5. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies same and leaves plaintiff to its proof.

6. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies same and leaves plaintiff to its proof.

7. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies same and leaves plaintiff to its proof.

8. UP denies the allegations contained in paragraph 8 of the Complaint.

9. UP repeats and realleges its responses to paragraphs 1-8 of the Complaint as its response to paragraph 9.

10. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies same and leaves plaintiff to its proof.

11. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies same and leaves plaintiff to its proof.

12. UP denies the allegations contained in paragraph 12 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. In the event that plaintiff had no title or interest in the shipment that is the subject matter of this action, then plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. The contract of carriage does not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks special and/or consequential damages, UP is not responsible for such amounts.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. If the shipment referred to in the Complaint suffered any loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third party or a party over whom UP has no control.

### AS AND FOR A FIFTH
### AFIRMATIVE DEFENSE

17. UP is not guilty of any negligence which was a proximate cause of any alleged damages of which Plaintiff complains.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

18. Any damages alleged to have occurred was solely due to the negligence of plaintiff and/or Third-Party Plaintiff or others acting on their behalf.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

19. The shipment was received for transportation by UP and was accepted in accordance with, and subject to all the terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth therein, and the rules, regulations and practices of UP, which together form the contract of carriage respecting the transportation of said shipment. In addition, UP duly performed all the terms and conditions of said contract of carriage on its part to be performed.

### AS AND FOR AN EIGHTH
### AFFIRMATIVE DEFENSE

20. UP did not load, count or secure the subject shipment, and they cannot be held liable for any damage to the shipment caused by improper loading and/or securement based upon the provisions of applicable law and the Master Intermodal Transportation Agreement.

### AS AND FOR A NINTH
### **AFFIRMATIVE DEFENSE**

21. To the extent that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, neither plaintiff nor Third-Party Plaintiff can recover in excess of this amount.

### AS AND FOR A TENTH
### **AFFIRMATIVE DEFENSE**

22. To the extent that a proper written notice of claim was not timely filed by plaintiff, the within action is time barred.

### AS AND FOR AN ELEVENTH
### **AFFIRMATIVE DEFENSE**

23. To the extent that plaintiff failed to bring a timely suit, the within action is time barred.

### AND AS FOR A TWELFTH
### **AFFIRMATIVE DEFENSE**

24. This court has no subject matter jurisdiction against UP and venue is improper.

### AND AS FOR A THIRTEENTH
### **AFFIRMATIVE DEFENSE**

25. There is no privity of contract between plaintiff and UP.

### AND AS FOR A FOURTEENTH
### **AFFIRMATIVE DEFENSE**

26. Pursuant to the Exempt Transportation Agreement between Hanjin and UP, claims between Hanjin and UP are subject to mandatory arbitration in New York.

## AS AND FOR A FIFTEENTH
## AFFIRMATIVE DEFENSE

27. Plaintiff failed to mitigate its damages.

WHEREFORE, Defendant Union Pacific Railroad Company, demands judgment: (1) dismissing the Complaint with prejudice, together with costs, disbursements and reasonable counsel fees; and (2) for such other or different relief as to this Court may deem just and proper.

Dated: New York, New York
July 3, 2008

>By: /s/ Barry N. Gutterman
>Barry N. Gutterman, Esq. (BG6410)
>Barry N. Gutterman & Associates, P.C.
>60 East 42nd Street, 46th Floor
>New York, New York 10165
>(212) 983-1466
>Attorneys for Third-Party Defendant
>Union Pacific Railroad Company

To: James P. Krauzlis (JK 4972)
Badiak & Will, LLP
106 Third Street
Mineola, New York 11501
(516) 877-2225

Attorneys for Plaintiff

Randolph H. Donatelli (RHD-5359)
Cichanowicz, Callan, Keane,
Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802

Attorneys for Defendant and Third-Party Plaintiff
Hanjin Shipping Co., Ltd.

UP.2821.Add